UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO: 8:22-cr-247-CEH-AEP

JONATHAN HOWARD
KUYKENDALL

_____

**ORDER**

This matter is before the Court on the Government's Notice of Intent to Offer Inextricably Intertwined and/or Rule 404(b) Evidence at Trial. Doc. 108. Defendant, Jonathan Howard Kuykendall, filed a response in opposition. Doc. 122. The Court held a hearing on the matter on January 4, 2024. The Court, having considered the Government's Notice of Intent, the Defendant's response, heard argument of counsel, and being fully advised in the premises, will grant-in-part and deny-in-part the Government's request.

**DISCUSSION**

The Government seeks to introduce evidence at trial, pursuant to Rule 404(b), that it characterizes as intrinsic or inextricably intertwined with the charged offenses because it is directly connected to the factual circumstances of the crime and provides contextual or background information for the jury. Specifically, the Government wants to offer into evidence over 350 online public posts made by Defendant on his

Whisper[1] account from October 23, 2020, until he was arrested on June 24, 2022, in which he implicitly or explicitly expresses his desire to engage in sex acts with children. Doc. 108 at 3–4. The Government intends to offer the posts as evidence of Defendant's interest in having sex with children and his intent to have sex with who he believed was a 14-year-old child.

Defendant requests the Court deny the Government's motion because the online posts are not linked in time or circumstances with the charged crime, they do not form an integral and natural part of an account of the crime, and they are not necessary to complete the story of the crime for the jury. Doc. 122 at 3. Even if the Court finds the evidence admissible under Rule 404(b)(2), Defendant argues that the evidence fails to pass muster under Rule 403's balancing test because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

Rule 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove a defendant's character in order to show he acted in conformity with that character. Fed. R. Evid. 404(b).  However, such evidence may be admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "For evidence of other crimes or acts to be admissible under Rule 404(b), (1) it must be relevant to an issue other than defendant's character; (2) there must be sufficient

---

[1] Whisper is a social media application that allows people to make public posts that can be seen by people in their location or near them. According to the Government, Defendant used the same Whisper account to reach out to the undercover as was used to post all the comments and images sought to be introduced.

proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s) in question; and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403." *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (citing *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000)).

The Eleventh Circuit deems "intrinsic" evidence" admissible if it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *United States v. Troya*, 733 F.3d 1125, 1131 (11th Cir. 2013) (quoting *Edouard*, 485 F.3d at 1344). A court will find evidence to be "inextricably intertwined if it is an 'integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted.'" *Troya*, 733 F.3d at 113 (quoting *United States v. Foster*, 889 F.2d 1049, 1053 (11th Cir. 1989)).

As discussed at the hearing, the Government's motion is granted to the extent that Defendant's sexually explicit Whisper posts and photographs that relate to having sex with minor girls are admissible under Rule 404(b). The Government will be able to introduce such posts made by the Defendant from September 2021 through the date of Defendant's arrest. Such evidence relates to Defendant's intent and the offense charged and are not too remote in time.[2] *See, e.g., U.S. v South,* 359 F. App'x 960, 964

---

[2] These posts include the September 2021 post "Young girls are my weakness;" November 2021 post "Any younger girls want older;" multiple December 2021 posts regarding "F***

(11th Cir. 2010) (upholding the admissibility of images from defendant's computer of child pornographic websites visited and internet searches related to child pornography nine months prior as relevant to establishing the purpose of defendant's trips to Mississippi and to demonstrate defendant's sexual interest in young children).

The Court declines to admit over 350 online posts and images, particularly those remote in time, as proposed by the Government because such quantity of evidence, given the nature of the posts, would be unduly prejudicial to Defendant. At the hearing, the Government agreed to narrow the date range and limit the evidence it sought to admit to 12 to 15 images.

Defendant is charged with enticing a minor to engage in sexual activity. Thus, any posts or photographs regarding engaging in sex with adults are not related to the offense charged and are unnecessary to complete the story of the crime charged. Defendant's posts related to sex with adults will be precluded. Similarly, any posts or photographs involving animals will not be permitted as bestiality is not an issue in this case. Finally, the Government seeks to introduce posts or photographs it claims relate to Defendant's breeding kink fetish or a desire to impregnate. At the hearing, the Government acknowledged that there were no discussions between the Defendant and the undercover regarding a breeding kink fetish, but the Government submits that, at a minimum, these photographs are relevant to the extent Defendant attempts to deny an intent to have sex with the minor because he showed up to the meeting without a

---

your daughter …;" "Use your daughter….;" and June 2022 post "Younger girls who want older guys."

4

condom. Breeding kink fetish does not appear to be an issue in the case and these posts or photographs are not admissible in the Government's case. However, if the Defendant opens the door to evidence regarding a breeding kink fetish by his defense, the posts may become relevant for purposes of rebuttal. The Government may raise the issue again at trial to the extent warranted.

Accordingly, it is hereby

**ORDERED:**

1.  The Government's Notice of Intent to Offer Inextricably Intertwined and/or Rule 404(b) Evidence at Trial (Doc. 108) is **granted-in-part** and **denied-in-part** as set forth herein.

2.  Counsel are directed to meet and agree before trial upon the posts or photographs that fall within the parameters of the Court's order. Primarily, these photographs are the ones viewed and approved by the Court at the hearing on January 4, 2024.

**DONE** and **ORDERED** in Tampa, Florida on January 17, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties, if any